Randy WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 89726.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2008.

Timothy Forneris, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Even Buchheim, Jefferson City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Appellant Randy Williams ("Williams") appeals from the judgment of the Circuit Court of the City of St. Louis, the Honorable Robert H. Dierker presiding. At trial, a jury convicted Williams of second-degree robbery. The trial court later sentenced Williams as a prior and persistent offender to twenty years imprisonment. This Court affirmed Williams' conviction and sentence by per curiam order in *State v. Williams*, 145 S.W.3d 857 (Mo.App. E.D.2004).

Williams filed a motion for post-conviction relief under Rule 29.15, claiming four instances of ineffective assistance of counsel. The motion court granted Williams an evidentiary hearing on one of his claims on 9 June 2006. On 3 April 2007, the motion court overruled Williams' Rule 29.15 motion.

In appealing to this Court, Williams claims five errors by the motion court. According to Williams, the motion court erred in denying Williams' Rule 29.15 motion without an evidentiary hearing when Williams sufficiently alleged facts showing that trial counsel was ineffective for: (1) failing to investigate and call Brian Eastland–Hill and David Griffin as witnesses at trial; (2) failing to object when the trial court refused to instruct the jury on the lesser included offense of misdemeanor stealing; (3) failing to object when the State presented alleged false and misleading evidence during its cross-examination of Williams; and (4) failing to request a continuance when counsel had only six days to prepare for trial. Williams also argues the motion court erred in denying his Rule 29.15 motion after an evidentiary hearing on one of his claims when the evidence from the hearing established that Demetrius Taylor's testimony would have corroborated Williams' testimony and counsel's failure to investigate and call Taylor as a witness resulted in prejudice to Williams.

We have thoroughly reviewed the record and the briefs of the parties and find Williams' points on appeal are without merit. Therefore, no error of law appears. Accordingly, an opinion would serve no jurisprudential purpose. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.